IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Miscellaneous Action No. 14-mc-00018-BNB

CHRISTOPHER CLARK,

    Petitioner,

v.

RICK DUNLAP,
JIM GERLACH,
DAVID WAKER,
ROGELL STROLE,
STACEY NELSON,
MR. BURRIS,
MR. FLETCHER,
MONTROSE COUNTY SHERIFF'S OFFICE, and
MONTROSE COUNTY,

    Respondents.

## ORDER DENYING FED. R. CIV. P. 27 PETITION

    Petitioner, Christopher Clark, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado. On February 7, 2014, he submitted *pro se* a letter (ECF No. 1) to the Court. As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), Magistrate Judge Boyd N. Boland determined that the letter was deficient, and on February 10, 2014, directed Mr. Clark to certain deficiencies if he wished to pursue his claims. *See* ECF No. 2.

    The February 10 order specifically directed Mr. Clark either to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 or tender the

$46.00 filing fee for a miscellaneous case.  The February 10 order also construed the letter liberally as a petition pursuant to Rule 27 of the Federal Rules of Civil Procedure, temporarily granted the petition, and directed Mr. Clark to file within thirty days an amended petition that conformed to the requirements of Fed. R. Civ. P. 27(a).  The February 10 order warned Mr. Clark that if he failed to cure all the deficiencies within the time allowed, the action would be dismissed.

On March 12, 2014, Mr. Clark filed a motion for assistance with service of process (ECF No. 7), an amended Petition Pursuant to Fed. R. Civ. P. 27(a) (ECF No. 8), and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 9).  Because Mr. Clark is proceeding *pro se*, his filings will be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, Mr. Clark will be granted leave to proceed pursuant to § 1915, and the amended petition will be denied.

Mr. Clark seeks an order to depose five deputies of the Montrose County Sheriff's Office who are not Defendants but who he alleges are closely connected to Defendants through their employment with the sheriff's office.  He does not identify the specific information each potential deponent possesses or observed, but rather seeks an order that directs the five deputies not to discuss any matters involving Mr. Clark with the named Defendants.  Mr. Clark does contend Defendants allegedly exposed him as a confidential informant and then refused to protect him, which he contends resulted in an assault, as well as interfered with his grievance process and intercepted legal documents he prepared as a means of concealing their actions.

Mr. Clark also seeks to preserve the "Activity Log" used at the Montrose County Detention Center for the time period from April 1 through June 1, 2013. He contends the Activity Log is used to record events observed by a custody support assistant whenever an inmate is escorted out of his cell. He contends he needs information in the Activity Log to confirm his future conditions-of-confinement claims, encounters with inmates, and being escorted to booking, interviews, and attorney visits. He maintains the activity log is destroyed after one year, and that the year is up on April 1, 2014. He also wants videotapes taken of him from April 1 through June 19, 2013, during the times he complained to unspecified officials about being exposed as an informant by deputies. He argues the videotapes also recorded officials' acknowledgment of and apology for exposing him as an informant, and their promises to transfer him to protect his safety.

Prior to bringing an action, Fed. R. Civ. P. 27 allows a person to petition a court "to perpetuate testimony regarding any matter that may be cognizable in any court of the United States." Fed. R. Civ. P. 27(a)(1). Relief under Rule 27 is available "[i]f the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3). Rule 27(a)(1) lists five requirements for a properly supported petition: (1) a stated expectation that the petitioner will be a party in "an action cognizable in a United States court"; (2) the subject matter of the expected action; (3) the reasons for the requested testimony, and the facts anticipated to be established by the requested testimony; (4) identification of the possible adverse party (or parties) in the expected action; and (5) "the name, address, and expected substance of the testimony of each deponent." Fed. R. Civ. P. 27(a)(1). The requirements in Rule 27 also apply to requests for the production of documents and things. *Application of*

*Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 485, 478 n.5 (4th Cir. 1999)

Mr. Clark appears to have satisfied all five requirements. Although the petition meets the five requirements, Rule 27 is restricted to "only . . . that special category of cases where it is necessary to prevent testimony from being lost." *Ash v. Cort*, 512 F.2d 909, 911 (3d Cir.1975); *see also Petition of Ferkauf*, 3 F.R.D. 89, 91 (S.D.N.Y.1943) ("[F]or one reason or another, testimony might be lost to a prospective litigant unless taken immediately.")

Most petitions to perpetuate testimony have been granted when a witness is aged or gravely injured and in danger of dying or there are geographical constraints. *See, e.g.*, *Texaco, Inc. v. Borda*, 383 F.2d 607 (3rd Cir.1967) (permitting deposition of a witness of advanced age in suit that had been stayed pending resolution of parallel criminal prosecution); *Petition of Delta Quarries and Disposal, Inc.*, 139 F.R.D. 68 (M.D. Pa. 1991) (deponent's condition was serious and only deponent had knowledge of activities at landfill before 1978 when physical records began to be kept); *In re Sims*, 389 F.2d 148, 150 (5th Cir.1967) (potential deponent was imminently departing for Peru).

In the absence of special circumstances, Rule 27 petitions have been denied. General concerns about the passage of time and the fading of memories do not constitute a particularized showing that the testimony needs to be taken in advance of the contemplated action. *See Application of Checkosky*, 142 F.R.D. 4, 7-8 (D.D.C. 1992); *Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 976 (11th Cir.1985), *cert. denied*, 474 U.S. 1082 (1986) (Rule 27 petition denied which alleged only that witnesses

were not "immune from matters of life (and death)" and that petitioner was "genuinely concerned" that documents could be destroyed).

Mr. Clark does not state a special circumstance. He has made no specific showing that the testimony he seeks to perpetuate is in any danger of being lost if depositions of the named individuals are not immediately taken. He does not express any concern, urgent or otherwise, that the videotapes will be destroyed. His concern that the Activity Log may be destroyed is speculative. He fails to explain any reason for his delay in seeking the preservation of the log or discuss with particularity the relevance of the information in the log to known and actionable claims. In short, Mr. Clark fails to convince the Court to grant the Fed. R. Civ. P. 27 petition to preserve the destruction of evidence in lieu of his initiating a lawsuit and allowing any discoverable information supporting his claims to be disclosed in the full discovery process.

Fed. R. Civ. P. 27 is not designed to allow pre-complaint discovery. "Rule 27 is not a substitute for broad discovery, nor is it designed as a means of ascertaining facts for drafting a complaint." *Application of Deiulemar Compagnia Di Navigazione S.p.A.*, 198 F.3d at 485 (internal citations omitted). A petitioner must know the substance of the evidence sought before it can invoke Rule 27 perpetuation. *Id.* at 486 (citation omitted). Generalized statements of concern that requested evidence may be destroyed are insufficient to warrant pre-complaint intervention. *Lombard's Inc.*, 753 F.2d at 976 (assertion that petitioner "was genuinely concerned that the documents in [a respondent's] possession could be destroyed" insufficient to warrant Rule 27 order). The Court finds neither a failure or delay of justice that merits allowing Mr. Clark to perpetuate testimony prior to his filing an action in this Court.

Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 9) is granted. It is

FURTHER ORDERED that the amended Petition Pursuant to Fed. R. Civ. P. 27(a) (ECF No. 8) filed on March 12, 2014, by Petitioner, Christopher Clark, is denied. It is

FURTHER ORDERED that the motion for assistance with service of process (ECF No. 7) is denied as moot. It is

FURTHER ORDERED that the clerk of the Court is directed to terminate this matter. It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this  19th  day of  March , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court